Ryan Q. Keech (SBN 280306)
 ryan.keech@klgates.com
Rebecca I. Makitalo (SBN 330258)
 rebecca.makitalo@klgates.com
Johnathan A. Coleman (SBN 352670)
 chief.coleman@klgates.com
**K&L GATES LLP**
10100 Santa Monica Blvd, 8th Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant Robert Halmi

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZYLAR PICTURES, LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>ROBERT HALMI, and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.<br><br>[Los Angeles Superior Court Case No. 25STCV01114]<br><br>**DEFENDANT ROBERT HALMI'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1441—DIVERSITY JURSDICTION**<br><br>Complaint Filed: January 16, 2025 |

322872747.1

**TO THE CLERK OF THE COURT**:

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. Sections 1332 and 1441(a) and (b), Defendant Robert Halmi. ("Halmi" or "Defendant") hereby removes the above-titled action from the Superior Court of California in and for the County of Los Angeles to the United States District Court for the Central District of California, Western Division.

## JURISDICTIONAL STATEMENT

This Court has original jurisdiction over this action under 28 U.S.C. Section 1332 because it involves citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. It may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1332 and 1441. Halmi provides the following short and plain statement on the grounds for removal:[1]

### I.   BACKGROUND AND PLEADINGS

1.   On or about January 16, 2025, Plaintiff Zylar Pictures, LLC ("Plaintiff") commenced this action by filing a Complaint (the "Complaint") in the Superior Court of the State of California for Los Angeles County, *ZYLAR PICTURES, LLC, Plaintiff, v. ROBERT HALMI, and DOES 1 to 10, inclusive*, Case No. 25STCV01114 (the "State Court Action"). The Complaint alleges a sole cause of action for Fraud. (*Id.*)

2.   A true and correct conformed copy of the Complaint filed in the State Court Action is attached hereto as Exhibit A. A true and correct conformed copy of the Summons filed in State Court Action is attached hereto as Exhibit B. A true and correct conformed copy of the Civil Case Cover Sheet filed in the State Court Action is attached hereto as Exhibit C. A true and correct conformed copy of the Notice of Case Management Conference for each party filed in the State Court Action is attached hereto as Exhibit D. A true and correct conformed copy of the

---

[1] A notice of removal need only provide a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

322872747.1

Notice of Case Assignment filed in the State Court Action is attached hereto as Exhibit E. A true and correct conformed copy of the Alternative Dispute Resolution (ADR) Information Package is attached hereto as Exhibit F. A true and correct conformed copy of the Proof of Personal Service of Summons and Complaint filed by Plaintiff on February 28, 2025, is attached hereto as Exhibit G. These materials comprise "all process, pleading, and orders served" upon Defendant in the State Court Action. *See* 28 U.S.C. § 1446(a).

## II.  COMPLETE DIVERSITY EXISTS BETWEEN DEFENDANT AND PLAINTIFF

3. **Plaintiff's Citizenship**: Plaintiff Zylar Pictures, LLC ("Zylar" or "Plaintiff") is a limited liability company. Pursuant to 28 U.S.C. § 1332, the citizenship of a limited liability company is analyzed with reference to the domicile of all of the members of the limited liability company. *See, e.g., Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Limited liability companies are deemed "a citizen of every state of which its owners/members are citizens." *Id.*

4. Plaintiff alleges in its complaint that "prior to January 8, 2025, Zylar was known and operating as Cartel Pictures, LLC." Complaint, ¶ 6. According to the California and Nevada Secretaries of State, Plaintiff is managed by Eric Woods and Carla Woods, individual citizens who, on information and belief, are permanently domiciled in Beverly Hills, California.

5. On information and belief, the sole member of Plaintiff Zylar Pictures LLC fka Cartel Pictures LLC is Aeth Entertainment LLC. On information and belief, the sole member of Aeth Entertainment LLC is Cartel Enterprises LLC. On information and belief, the sole member of Cartel Enterprises LLC is Eden Vale, Inc., a California corporation with its principal place of business located at 13947 Durham Road in Beverly Hills, California. On information and belief, it, like Plaintiff, is managed by Mr. and Ms. Woods.

6. Accordingly, Plaintiff is a citizen of California.

7. **Halmi's Citizenship**: For diversity purposes, an individual person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *Angelica Cuevas v. Lowes Home Centers, LLC,* No. CV 20-2755 PSG (KSX), 2020 WL 6439174 (C.D. Cal. Aug. 5, 2020).

8. The sole defendant named and served in this action is Robert Halmi, an individual. Halmi is, and was at all relevant times, domiciled in the State of New York. (Declaration of Robert Halmi, ¶ 2.)

9. Therefore, for diversity purposes, Halmi is a citizen of New York. *See* 28 U.S.C. §§ 1332(a)(1).

10. **Doe Defendants:** Although Plaintiff has also named fictitious defendants "DOES 1-10," "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *Soliman v. Philip Morris Inc*., 311 F.3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendant is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

11. As the existence of "Doe" defendants does not deprive the Court of jurisdiction, complete diversity exists between Defendant and Plaintiff, meeting the diversity requirements of 28 U.S.C. § 1332.

### III. THE AMOUNT IN CONTROVERSY IS MET

12. Under 28 U.S.C. Section 1332(a), federal district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest.

13. In determining the amount in controversy, "'courts first look to the complaint'…'The sum claimed by the plaintiff' generally controls 'if the claim is

322872747.1

apparently made in good faith.'" *Hernandez v. Aramark Food & Support Servs. Grp., Inc.,* No. 20-CV-03633-EJD, 2020 WL 5496172 (N.D. Cal. Sept. 11, 2020)(quoting *Ibarra v. Manheim Investments, Inc.,* 775 F.3d. 1193, 1197 (9th Cir. 2015)). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., v. Owens*, 574 U.S. 81, 89 (2014). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Campbell v. Vitran Exp., Inc.,* 471 F. App'x 646, 648 (9th Cir. 2012). Moreover, defenses do not affect the amount in controversy. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 295-96 (1938); *Riggins v. Riggins*, 415 F.2d 1259, 1261-62 (9th Cir. 1969). Here, the amount in controversy exceeds $75,000.

14. In its Complaint, Plaintiff alleges "[a]s a direct and proximate cause of Halmi's misrepresentation, Plaintiff has suffered and will continue to suffer monetary harm and significant damage to its reputation. Consequently, Plaintiff is entitled to damages in an amount to be proven at trial, but no less than Twenty One Million One Hundred Thousand Dollars ($21,100,000)." (Complaint, ¶ 39.) The Court must assume the allegations of the Complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Campbell v. Vitran Express, Inc.,* 471 F. App'x. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). On the face of the Complaint, the alleged amount in controversy exceeds $75,000.00.

15. Moreover, Plaintiff is seeking exemplary and punitive damages. (Complaint ¶ 31.) Punitive damages are included when determining the amount in controversy for jurisdictional purposes. *See Cox v. FCA US LLC*, No. 20-CV-03808-WHO, 2020 WL 5046103 (N.D. Cal. Aug. 24, 2020). In *Guglielmino v. McKee Foods Corporation*, 506 F.3d 696 (9th Cir. 2007), the Ninth Circuit

322872747.1

affirmed the district court's calculation of the amount in controversy, which included "punitive damages ('conservatively estimated' at a 1:1 ratio to economic damages)." *Id.* at 698-701.

16. Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief, which includes its' claims for economic damages and punitive damages, significantly exceeds $75,000.00. Accordingly, even though Halmi denies all liability and damages alleged in the Complaint, the jurisdictional "amount in controversy" requirement has been met for purposes of the diversity statute and removal is appropriate and proper.

## IV. REMOVAL PROCEDURES

17. **Federal Court Jurisdiction.** This is a civil action over which the United States District Court for the Central District of California has original jurisdiction, and one which Defendants may remove pursuant to the provisions of 28 U.S.C. Sections 1332(a) and 1441(b) to this Court, because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states as described above. Therefore, the jurisdictional requirements have been met.

18. **The Removal Venue is Proper.** Removal to the United States District Court for the Central District of California is proper because the Complaint was filed in the Superior Court of the State of California, County of Los Angeles, which is located within the jurisdiction of this District. *See* 28 U.S.C. §§ 1446(a); 1441(a).

19. **The Removal is Timely.** Plaintiff personally served Halmi the Complaint on February 28, 2025. (Coleman Decl., Exhibit G ("Proof of Service")). Pursuant to 28 U.S.C. Section 1446(b) and Federal Rules of Civil Procedure 6 and 81(c), Defendant has timely filed this Notice of Removal within thirty (30) days of receipt of the Complaint.

322872747.1

6
NOTICE OF REMOVAL

20. **Defendant Has Sufficient Consent.** Defendant is not required to investigate the identity of the unnamed defendants nor to obtain their consent for removal. *See Necombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(a). In any event, no Doe defendants have been served. Defendant is not required to obtained consent to remove from defendants who have not been served. *See Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1429 (9th Cir. 1984), *superseded by statute on other grounds as stated in Ethridge v. Harbor House Restaurant,* 861 F. 2d 1389, 1392 (9th Cir. 1988) Therefore, Defendant has sufficient consent to remove the State Court Action pursuant to 28 U.S.C. § 1446.

21. **Service of Notice of Removal.** Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and serve a copy on Plaintiff, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant requests that the Clerk of the Court recognize the removal of the State Court Action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Respectfully submitted,

Date: March 20, 2025

K&L GATES LLP

Ryan Q. Keech (SBN 280306)
Rebecca I. Makitalo (SBN 330258)
Johnathan A. Coleman (SBN 352670)
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

322872747.1