1  **DAVID B. JONELIS (SBN 262535)**
   djonelis@lavelysinger.com
2  **MEGAN MALLONEE (SBN 340276)**
3  mmallonee@lavelysinger.com
4  LAVELY & SINGER
   PROFESSIONAL CORPORATION
5  2049 Century Park East, Suite 2400
   Los Angeles, California 90067-2906
6  Telephone: (310) 556-3501
7  Facsimile: (310) 556-3615

8  Attorneys for Plaintiff
9  ZYLAR PICTURES, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZYLAR PICTURES, LLC,<br><br>       Plaintiff,<br><br>vs.<br><br>ROBERT HALMI; and DOES 1 through 10, inclusive,<br><br>       Defendants. | CASE NO. 2:25-cv-02503<br>[Hon. Cynthia Valenzuela]<br><br>**PLAINTIFF ZYLAR PICTURES, LLC'S OPPOSITION TO DEFENDANT ROBERT HALMI'S *EX PARTE* APPLICATION TO STAY DISCOVERY PENDING A DECISION ON DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>[Declaration of Megan S. Mallonee filed concurrently]<br><br>Date: September 12, 2025<br>Time: 1:30p.m.<br>Courtroom: 10B<br><br>Trial Date: None set |

Plaintiff ZYLAR PICTURES, LLC ("Plaintiff" or "Zylar") hereby respectfully submits this Opposition to Defendant ROBERT HALMI's ("Defendant" or "Halmi") *Ex Parte* Application to Stay Discovery Pending a Decision on Defendant's Motion to Compel Arbitration (Dkt. 20) (the "Application").

## I.  INTRODUCTION

As set forth below, Defendant's *ex parte* Application, a procedure reserved for emergencies and extraordinary relief only, has been filed to address a simple discovery dispute and to remedy Defendant's own failure to seek a discovery stay through the formal motion process. After reaching an impasse regarding the timeliness of Plaintiff's discovery requests, Plaintiff sought to resolve the instant discovery dispute through the Magistrate Judge's procedures in accordance with this Court's Standing Order (Dkt. No. 9). Defendant refused, choosing instead to burden the court with this Application in contravention of the Standing Order referring all discovery matters to the Magistrate Judge. There is no emergency here, and on that basis alone, the Application should be denied.

Moreover, Defendant has ignored the case law that Plaintiff set forth demonstrating that the language in the Court's standing order provides that discovery should move forward even where a Motion to Dismiss has been filed. Defendant's insistence on referring to his 12(b)(6) Motion as a Motion to Compel Arbitration does not somehow change the language of the Standing Order or on point case law interpreting an identical clause. Plaintiff respectfully requests that the Court deny the *Ex Parte* Application and allow discovery to proceed.

## II.  FACTUAL BACKGROUND

This action was removed to federal court on March 21, 2025. (Dkt. No. 1). Defendant filed a Motion to Dismiss on April 18, 2025. (Dkt. No. 12). On June 6, 2025, the Court took the Motion to Dismiss under submission. (Dkt. No. 16).

On July 23, 2025, Plaintiff served narrowly tailored discovery on Defendant:

seventeen requests for production and nine interrogatories. Declaration of Megan Mallonee, ("Mallonee Decl.") ¶ 2. On August 22, 2025, Defendant served responses in the form of objections only and a letter stating that Defendant would not respond to the discovery requests because no scheduling conference has been set in this case and because Defendant's Motion to Dismiss is pending. *Id.* ¶ 2, *see also* Dkt. Nos. 20-4, 20-5, 20-6 (Exs. C, D, and E to Declaration of Jacob R. Winningham in Support of Defendant's Ex Parte Application). Thereafter, counsel for Plaintiff contacted counsel for Defendant to meet and confer regarding Defendant's objections. Mallonee Decl., ¶ 4, Ex. 1. Once the parties reached an impasse regarding the objections to discovery, counsel for Defendant refused to provide their availability for a conference with the Magistrate Judge, instead demanding that Plaintiff withdraw the propounded discovery. *Ibid.* After Plaintiff requested a conference with the magistrate, Defendant's counsel responded that Defendant would be filing this ex parte application. *Id.* ¶ 5.

## III. **THE EX PARTE APPLICATION IS IMPROPER AND UNNECESSARY.**

Courts in this Circuit are clear that an *ex parte* application should be reserved for emergency situations. "When an ex parte motion is filed…[i]t is assumed that the tomatoes are about to spoil or the yacht is about to leave the jurisdiction and that all will be lost unless immediate action is taken….It is rare that a lawyer's credibility is more on the line, more vulnerable, than when he or she has created this kind of interruption. Lawyers must understand that filing an ex parte motion, whether of the pure or hybrid type, is the forensic equivalent of standing in a crowded theater and shouting, "Fire!" There had better be a fire." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 491-92 (C.D. Cal. 1995). **There is no fire.**

Moreover, the Court's Standing Order provides that *ex parte* applications are "solely for extraordinary relief and should be used with discretion." (Dkt. No.

9 at p. 18). At issue is a discovery dispute which could have been resolved pursuant to the non-emergency procedures set forth in (1) the Court's Standing Order and (2) the Magistrate Judge's pre-discovery motion conference procedures. There are no exigent circumstances and there is no crisis to be kept at bay. Plaintiff served twenty-six discovery requests on July 23, 2025. Rather than request an extension or an agreement to stay discovery pending the motion, Defendant served a lengthy letter stating that the propounded discovery was improper. *See* Dkt. No. 20-6. Then, when Plaintiff sought to resolve the dispute through the Magistrate Judge's procedures and pursuant to the Standing Order, Defendant refused to provide any availability, ***demanded*** that Plaintiff withdraw the discovery requests, and filed the instant Application, which is indisputably a waste of the Court's resources. There is no extraordinary relief sought. Defendants have refused to proceed pursuant to the Court's procedures, and the Application should be denied on this basis alone.

## IV. DISCOVERY SHOULD PROCEED PURSUANT TO THE COURT'S STANDING ORDER.

This Court's Standing Order plainly states discovery should be propounded before a scheduling conference has been set and after an answer or motion to dismiss has been filed. (Dkt. No. 9 at p. 8). Indeed, the Standing Order, in bold, states that "unless otherwise ordered, **discovery shall not be stayed** while any motion is pending, including any motion to dismiss." *Id.* It then directs the parties to conduct discovery as soon as possible, and before the Scheduling Conference. *Ibid.*

Given this language, Defendant's objections to Plaintiff's discovery requests, without formally seeking a motion to stay discovery while the motion to dismiss is pending, are improper. *See Gold v. Kaplan*, No. 221CV03204FLAJDE, 2021 WL 6618643, at *4 (C.D. Cal. Dec. 2, 2021) (overruling objections to discovery based on a pending motion to dismiss where standing order had identical

clause regarding discovery before scheduling conference). In *Gold*, the court noted that Defendants "may not impose a unilateral 'self-help' stay by simply objecting and refusing to provide substantive discovery responses while the Motions to Dismiss are pending." *Ibid.* Yet that is **exactly** what Defendant sought to do here.

Defendant's Motion to Dismiss was filed on April 18, 2025. (Dkt. No. 12). Five months later, having failed to seek a motion to stay in accordance with formal motion procedures, Defendant brings this Application. The only emergency here was created by Defendant's own delay – which begs the question whether Defendant is really so concerned about waiving its right to arbitration or whether this entire dispute is a delay tactic. Why not seek a stay months ago if Defendant's right to avoid discovery pending the Court's ruling was so crucial? The stay should be denied, and discovery should proceed in line with the Standing Order.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's *Ex Parte* Application to Stay Discovery Pending a Decision on Defendant's Motion to Compel Arbitration in its entirety and allow discovery to proceed.

Dated: September 9, 2025

LAVELY & SINGER
PROFESSIONAL CORPORATION
DAVID B. JONELIS
MEGAN S. MALLONEE

By: _____/s/ Megan S. Mallonee_____
MEGAN S. MALLONEE
Attorneys for Plaintiff
ZYLAR PICTURES, LLC