**DAVID B. JONELIS (BAR NO. 265235)**
djonelis@lavelysinge.com
**MEGAN S. MALLONEE (BAR NO. 340276)**
mmallonee@lavelysinger.com
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501

Attorneys for Plaintiff ZYLAR PICTURES, LLC

**RYAN Q. KEECH (SBN 280306)**
ryan.keech@klgates.com
**REBECCA MAKITALO (SBN 330258)**
rebecca.makitalo@klgates.com
**JOHNATHAN A. COLEMAN (SBN 352670)**
chief.coleman@klgates.com
**JACOB R. WINNINGHAM (SBN 357987)**
jacob.winningham@klgates.com
**K&L GATES LLP**
10100 Santa Monica Blvd, 8th Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000

Attorneys for Defendant ROBERT HALMI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZYLAR PICTURES, LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT HALMI, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO. 2:25-cv-02503-CV-MBK<br><br>[Hon. Cynthia Valenzuela; Magistrate Judge Michael B. Kaufman]<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Scheduling Conference**<br>**Date:　November 21, 2025**<br>**Time:　1:30 p.m.**<br>**Courtroom: 10B**<br><br>Complaint Filed:　January 16, 2025<br>Trial Date:　　　　None Set |

5825-5

JOINT RULE 26(f) REPORT

1603900297.3

Pursuant to Federal Rule of Civil Procedure Rule 26(f), Central District of California Local Rule 26-1, and this Court's Scheduling Conference Order (Dkt. 22), Plaintiff Zylar Pictures, LLC ("Plaintiff") and Defendant Robert Halmi ("Defendant")[1] (collectively, "the Parties"), submit this joint report following the conference of counsel required by Rule 26(f) of the Federal Rules of Civil Procedure, which was held on October 29, 2025. Megan Mallonee and David Jonelis attended on behalf of Plaintiff, and Rebecca Makitalo and Ryan Keech attended on behalf of Defendant.

Pursuant to the Court's Scheduling Order regarding FRCP 26(f), the Parties submit the following:

## A. **STATEMENT OF THE CASE**

Plaintiff's Position: This case arises out of Defendant's fraudulent scheme to leverage Plaintiff's valuable film rights for his own gain. In August 2022, Defendant approached Plaintiff's founding partner and informed him that the distribution company Screen Media was supposedly in urgent need of content for distribution. Soon after, Defendant presented Plaintiff with an offer to license Plaintiff's available content for distribution to Screen Media in exchange for a guaranteed minimum license fee of $6.5 million. Relying on Defendant's representations, Plaintiff agreed in October 2022 to license available projects to Screen Media, but at the last minute, Halcyon Holdings Limited ("HHL") was substituted as the contractual licensee. Defendant assured Plaintiff that the agreement was effectively with Screen Media. However, although Screen Media ultimately purchased the distribution rights to Plaintiff's projects in a $21.1 million transaction with HHL, Zylar never received $5.5 million of its guaranteed minimum fee or a portion of the gross receipts from the projects. Rather, Plaintiff received two delayed $500,000 payments before realizing

---

[1] On April 18, 2025, Defendant Robert Halmi moved to dismiss and to compel arbitration in this matter and has, further, brought an application to stay discovery pending determination of that motion. Dkt 12. Defendant presents his positions in this document subject to, and without waiver, of his position that this matter is subject to arbitration and should be compelled thereto.

the falsity of Defendant's repeated reassurances that the license fee would be paid in due time.

Plaintiff now reasonably suspects that Defendant received the lion's share of the money from the Screen Media transaction for Plaintiff's projects. Plaintiff brings this action for fraud as a result of Defendant's inducing Plaintiff to contract with HHL and turn over possession of its distribution rights so that he could defraud Plaintiff and line his own pockets, damaging Plaintiff's reputation and costing Plaintiff millions of dollars in the process.

Defendant's Position: This case does not belong in this court. Plaintiff is seeking to recover contractual benefits from Defendant that were allegedly owed by HHL. Plaintiff entered into an International Multiple Rights Distribution Agreement (the "Agreement") with HHL for the distribution rights of 30 film projects, with a $6.5 million license fee, governed by New York law and including a valid arbitration clause. Thereafter, HHL sublicensed Plaintiff's distribution rights to Screen Media. Plaintiff claims HHL failed to make the required payments, leading to its termination of the Agreement and the return of Plaintiff's distribution rights.

Plaintiff pleads no valid claim for fraud and may not disclaim the contract on which it purports to sue while claiming benefits therefrom. The case should be compelled to arbitration, where it belongs.

**B.    SUBJECT MATTER JURISDICTION**

Plaintiff filed this action in California state court, but Defendant removed the action to this Court on March 21, 2025 (Dkt. 1), asserting that this Court has federal jurisdiction over this action under 28 U.S.C. Section 1332 based on diversity jurisdiction because it involves citizens of different states and the matter in controversy exceeds the sum of $75,000.

Plaintiff's Position: Plaintiff does not dispute this Court's jurisdiction.

Defendant's Position: Pursuant to Defendant's pending Motion to Dismiss and Compel Arbitration (Dkt. 12), the Complaint should be compelled to arbitration and

dismissed for lack of jurisdiction. Alternatively, it should be transferred to the Southern District of New York, pursuant to the valid forum-selection clause and because public interest favors this transfer.

## C. LEGAL ISSUES

Plaintiff's Position: Plaintiff asserts a single claim for fraud based on Defendant's false representations from August 2022 until around November 2023, on which Plaintiff materially relied by allowing its film rights to be exploited under its agreement with HHL which ultimately resulted in substantial monetary and reputational losses. Plaintiff does not anticipate any unusual substantive, procedural or evidentiary issues.

Defendant's Position: Plaintiff's Complaint fails as a matter of law. Defendant filed his Motion to Dismiss and Compel Arbitration enumerating the issues with Plaintiff's Complaint. Plaintiff's claim is subject to mandatory arbitration, is subject to transfer to New York, and fails to plead a case for fraud.

## D. PARTIES AND EVIDENCE

Plaintiff's Position: Without prejudice to its right to call additional witnesses at trial, Plaintiff identifies the following persons, other than the parties, who may be called to testify in this case:

1. Carla Woods;
2. Eric Woods;
3. Stan Spry;
4. Kevin Koloff;
5. David Fannon; and
6. Kevin Sisson.

Without prejudice to its right to present other evidence, including documents and other evidence obtained through discovery, Plaintiff anticipates relying on the following documents and evidence to support its claims:

1. Correspondence between Plaintiff and Defendant regarding the license of Plaintiff's distribution rights;
2. Correspondence between Defendant and HHL regarding the agreement between HHL and Plaintiff;
3. The HHL Agreement;
4. The agreement between HHL and Screen Media; and
5. Defendant's notes, communications, and correspondence regarding Plaintiff and/or Plaintiff's distribution rights.

Defendant's Position: Subject to and without waiver of the arguments presented in Defendant's pending Motion to Dismiss and Compel Arbitration, and without prejudice to its right to call additional witnesses at trial, Defendant identifies the following persons, other than the parties, who may be called to testify:

1. Stan Spry;
2. David Fannon;
3. Carla Woods;
4. Eric Woods

Defendant anticipates relying on the following documents and evidence to support its defenses:

1. Documents and communications between Plaintiff and Defendant regarding Plaintiff's distribution rights;
2. Documents and communications between Plaintiff and HHL relating to Defendant;
3. Documents and communications between Plaintiff and HHL relating to Plaintiff's distribution rights;
4. The HHL Agreement;
5. Documents related to payments made by HHL to Plaintiff;
6. Documents and communications between Plaintiff and Screen Media relating to Plaintiff's distribution rights;

7. Documents and communications between Plaintiff and Screen Media relating to Defendant;

8. Documents and communications between Plaintiff and Screen Media relating to the HHL Agreement;

9. The agreement between HHL and Screen Media; and

10. Documents and communications relating to any license or related agreements involving Plaintiff's distribution rights following the termination of the agreement between Plaintiff and HHL.

E. **DAMAGES**

Plaintiff's Position: Plaintiff seeks special damages and punitive damages to be proven at trial in an amount of no less than $21,100,000.

Defendant's Position: Defendant contends that it has no liability and no damages and that adjudication of same is subject to arbitration.

F. **INSURANCE**

Plaintiff's Position: Plaintiff is unaware of any applicable insurance policy.

Defendant's Position: Defendant is unaware of any applicable insurance policy.

G. **MOTIONS**

Notwithstanding its prior conduct in removing this action to this Court based on federal jurisdiction, Defendant filed a Motion to Dismiss on April 18, 2025 [Dkt. 12] based on an alleged lack of subject matter jurisdiction. The motion contends that this Court lacks subject matter jurisdiction due to an alleged arbitration agreement to which Defendant is not a party. Alternatively, the motion seeks to transfer the action to the Southern District of New York.

Plaintiff's Position: Plaintiff does not anticipate filing any motions seeking to add other parties, file amended pleadings, transfer venue or challenge the court's jurisdiction.

Defendant's Position: Subject to and without waiver of the arguments made in Defendant's pending Motion to Dismiss and Compel Arbitration, Defendant does not

anticipate filing any motions seeking to add other parties, file amended pleadings, transfer venue or challenge the court's jurisdiction.

## H. DISPOSITIVE MOTIONS

Defendant filed a Motion to Dismiss and Compel Arbitration on April 18, 2025, which is still pending before the Court.

Plaintiff's Position: Plaintiff anticipates filing a motion for summary judgment or summary adjudication once discovery has been completed.

Defendant's Position: Subject to and without waiver of the positions expressed in his pending Motion to Dismiss and Compel Arbitration, Defendant anticipates filing a motion for summary judgment or summary adjudication once discovery has been completed.

## I. COMPLEX LITIGATION

This case does not require use of the Manual for Complex Litigation.

## J. STATUS OF DISCOVERY

Plaintiff served written discovery requests on July 23, 2025. Defendant objected to Plaintiff's requests on August 22, 2025 on the basis that said requests were premature in light of Defendant's pending motion to dismiss.

After the parties' meet and confer efforts reached an impasse, Plaintiff requested an IDC with Magistrate Judge Kaufman on September 4, 2025. In response to that request, Defendant filed an *ex parte* application to stay discovery pending a decision on his Motion to Dismiss (Dkt. 12) on September 8, 2025. As of the filing of this joint report, the *ex parte* is still pending. Judge Kaufman has held off on scheduling an IDC until the Court rules on the *ex parte*.

Plaintiff's Position:  Plaintiff's position is that discovery should have already begun because the language of the Court's standing order states that "discovery shall not be stayed while any motion is pending, including any motion to dismiss," and that "[t]he parties are directed to conduct any necessary discovery as soon as possible," As of this filing, no Motion to Stay has been issued, so Plaintiff expects that Defendant

will respond to the propounded discovery in a timely fashion following the Rule 26(f) conference.

Defendant's Position: As indicated in Defendant's *Ex Parte* Application to Stay Discovery Pending a Decision on Defendant's Motion to Compel Arbitration (Dkt. 20), discovery should be stayed until the Court has reached a decision on Defendant's pending Motion to Dismiss and Compel Arbitration. Defendant should not be forced to litigate and otherwise participate in discovery matters that may otherwise not occur in the arbitral forum, mandated by the Agreement, and risk an inadvertent waiver of Defendant's right to compel arbitration.

## K.  **DISCOVERY PLAN**

Subject to and without waiver of Defendant's position that the case is subject to mandatory arbitration and that no discovery may proceed in this forum, the Parties agree that no changes are presently needed in the form or requirement for disclosures under Rule 26(a) of the Federal Rules of Civil Procedure.  In the event this action proceeds in this forum, while the Parties reserve their right to supplement their Rule 26(a) initial disclosures, the Parties do not anticipate any modification to the discovery rules set forth in the Federal Rules of Civil Procedure and the Local Rules.

In the event this action proceeds in this forum, the Parties do not anticipate that discovery needs to be conducted in phases or otherwise limited at this time. The Parties do not anticipate a need to change or impose additional limitations. There are no issues concerning discovery of electronically stored information at this time. The parties do not anticipate requiring a protective order at this time but will work together should one become necessary due to the disclosure of confidential information.

Plaintiff's Position: Plaintiff agrees to exchange initial disclosures 14 days after the Scheduling Conference in accordance with the Court's standing order which states that discovery shall not be stayed while any motion is pending.

Defendant's Position: Defendant proposes exchanging initial disclosures within the later of 14 days after (a) the Scheduling Conference; or (b) Defendant's Motion to Dismiss and Compel Arbitration and associated *ex parte* application to stay discovery are denied.

### L. DISCOVERY CUT-OFF

The Parties have agreed to a fact discovery cut-off date of 21 weeks before the Final Pretrial Conference.

### M. EXPERT DISCOVERY

The Parties have agreed to an expert discovery cut-off date of 16 weeks before the Final Pretrial Conference, with initial expert disclosures due 20 weeks before the Final Pretrial Conference, and rebuttal expert disclosures due 18 weeks before the Final Pretrial Conference.

### N. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)

The Parties have discussed possible resolution as required by the Court and, at this time, are amenable to a private mediation after the close of fact discovery. The Parties have not yet exchanged any settlement demands or offers.

### O. TRIAL ESTIMATE

Plaintiff's Position: Plaintiff estimates trial to be approximately three days and expects to call six to ten witnesses. Plaintiff has requested a trial by jury.

Defendant's Position: In the event this action proceeds in this forum, Defendant estimates trial to be approximately three to five days and expects to call approximately eight to ten witnesses. Given the involvement of multiple parties (including Plaintiff, Defendant, HHL, and Screen Media) and agreements at issue, it adds layers of complexity, necessitating time to address each party's role, which requires evidence presentation and witness testimony.

### P. TRIAL COUNSEL

For Plaintiff: David Jonelis, Megan Mallonee, Lavely & Singer, P.C.

For Defendant: Ryan Q. Keech, Rebecca I. Makitalo, Johnathan A. Coleman, Jacob R. Winningham, K&L GATES LLP.

## Q. INDEPENDENT EXPERT OR MASTER

This case does not require the Court to appoint a master pursuant to Rule 53 or an independent scientific expert.

## R. SCHEDULE WORKSHEET

Subject to Defendant's position that this action should not be tried in this forum, the Parties' proposed pretrial and trial schedule, including discovery cut-off dates, motion hearing dates, settlement conference, final pretrial status conference, trial filings, and trial dates ("Schedule of Pretrial and Trial Dates Worksheet"), is attached hereto as Exhibit 1.

## S. OTHER ISSUES

The Parties agree that there are no other issues affecting the status or management of the case.

Dated: November 7, 2025

LAVELY & SINGER
PROFESSIONAL CORPORATION
DAVID B. JONELIS
MEGAN S. MALLONEE

By: s/ *Megan S. Mallonee*
　　　MEGAN S. MALLONEE

Attorneys for Plaintiff
ZYLAR PICTURES, LLC

Dated: November 7, 2025

K&L GATES LLP
RYAN Q. KEECH (SBN 280306)
REBECCA I. MAKITALO (SBN 330258)
JOHNATHAN COLEMAN (SBN 352670)
JACOB R. WINNINGHAM (SBN 357987)
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Telephone: 310.552.5000

By: s/ *Rebecca I. Makitalo*
　　　REBECCA I. MAKITALO
Attorneys for Defendant ROBERT HALMI

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to all parties listed above, by and through their counsel of record, and that I have obtained authorization from each party's counsel to affix their electronic signatures to this document.

Dated: November 7, 2025

By:   s/ *Megan S. Mallonee*
     MEGAN S. MALLONEE
Attorneys for Plaintiff
ZYLAR PICTURES, LLC

# EXHIBIT 1

## STANDARD SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the Court will set them.

| Case No. 2:25-cv-02503-CV-MBK | Case Name: Zylar Pictures LLC v. Robert Halmi et al. | | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy |
| Check one: ☒ Jury Trial   or   ☐ Bench Trial [Tuesday at 9:00 a.m. within 13–16 months of Scheduling Conference] Estimated Duration: __3__ Days   Defendant's Estimated Duration: 3-5 Days* | | | 12/01/2026 | 12/01/2026 |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions in Limine [Friday at 1:30 p.m. at least 17 days before trial] | | | 11/13/2026 | 11/13/2026 |
| **Event** Note: Hearings shall be on Fridays at 1:30 p.m. Other dates can be any day of the week. | | **Time Computation** | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Friday] | | 91 days after scheduling conference | 02/20/2026 | 02/20/2026 |
| Fact Discovery Cut-Off [Friday] (no later than deadline for filing dispositive motion) | | 21 weeks before FPTC | 06/19/2026 | 06/19/2026 |
| Expert Disclosure (Initial) | | 20 weeks before FPTC | 06/26/2026 | 06/26/2026 |
| Expert Disclosure (Rebuttal) | | 18 weeks before FPTC | 07/10/2026 | 07/10/2026 |
| Expert Discovery Cut-Off | | 16 weeks before FPTC | 07/25/2026 | 07/25/2026 |
| Last Date to Hear Motions [Friday] • Joint Brief due at least 28 days before hearing • Supplemental Memoranda (if any) due 14 days before hearing | | 9 weeks before FPTC | 09/11/2026 | 09/11/2026 |
| Deadline to Complete Settlement Conference [L.R. 16-15] Select one: ☐ 1. Magistrate Judge (with Court approval) ☐ 2. Court Mediation Panel ☐ 3. Private Mediation | | 5 weeks before FPTC | 10/09/2026 | 10/09/2026 |
| Trial Filings (first round) [Friday] • Motions in Limine • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only) • Declarations Containing Direct Testimony, if ordered (bench trial only) | | 4 weeks before FPTC | 10/16/2026 | 10/16/2026 |
| Trial Filings (second round) [Friday] • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint Agreed Upon Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | | 2 weeks before FPTC | 10/30/2026 | 10/30/2026 |

\* This Schedule of Pre-trial and Trial Dates Worksheet is subject to and without waiver of Defendant's position that this action should not be tried in this forum as expressed in Defendant's pending Motion to Dismiss and Compel Arbitration

Rev. 3/13/25