UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-02503-CV-MBK | Date | December 15, 2025 |
| Title | *Zylar Pictures, LLC v. Robert Halmi, et al.* | | |

Present: The Honorable   Cynthia Valenzuela, United States District Judge

| Jessica Cortes | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION TO STAY DISCOVERY PENDING A DECISION ON DEFENDANT'S MOTION TO COMPEL ARBITRATION [20]

On September 8, 2025, Defendant Robert Halmi ("Defendant") filed an ex parte application to stay discovery pending resolution of his Motion to Dismiss and Compel Arbitration. Doc. # 20 ("Application"); *see* Doc. # 12 ("MTC Arbitration). Defendant seeks a stay to avoid expending resources on discovery that may prove unnecessary and to prevent any argument that participation in discovery could waive his asserted right to arbitrate. On September 9, 2025, Plaintiff Zylar Pictures, LLC ("Plaintiff") filed an opposition to the Application. Doc. # 21 ("Opposition"). Plaintiff contends that ex parte relief is unwarranted because Defendant could have sought the same relief through a noticed motion to stay discovery, and that discovery should proceed as contemplated by the Court's Standing Order.

The Court has reviewed the Application, the Opposition, the MTC Arbitration and supporting papers, and Plaintiff's opposition to the MTC Arbitration. The Court's Standing Order[1] provides that "[u]nless there is a likelihood that, upon motion by a

---

[1] The operative Standing Order for Civil Cases Assigned to Judge Valenzuela and other standing orders can be found under the "Orders and Additional Documents" tab on the Court's webpage (https://apps.cacd.uscourts.gov/Jps/honorable-cynthia-valenzuela).

party, the Court would order that discovery be stayed, the parties should be begin to propound discovery before the Scheduling Conference." Under this framework, Plaintiff is correct that Defendant should have proceeded by noticed motion rather than waiting to seek ex parte relief after a discovery dispute arose. Given the Court's unanticipated delay in resolving the MTC Arbitration, however, and to avoid further delay from additional briefing, the Court will consider the Application on its merits.

Based on the Application and a preliminary review of the MTC Arbitration, the Court finds that a stay of discovery pending resolution of that motion is appropriate. Considering that assessment, good cause exists to GRANT the Application. Discovery is therefore STAYED pending the Court's ruling on Defendant's MTC Arbitration. Doc. # 12.

**IT IS SO ORDERED.**